IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHANDRA BALDERSON, et al.,

        Plaintiffs,

v.                                               CIVIL ACTION NO. 2:19-cv-00666

LINCARE INC.,

        Defendant.

**ORDER**

Pending before the Court is Plaintiff Chandra Balderson's Motion for Leave to Amend Complaint. (ECF No. 34.) Fed. R. Civ. P. 15(a) permits amendment of a complaint after a responsive pleading has been filed "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." For reasons appearing to the Court, the Plaintiff's Motion, (ECF No. 34), is **GRANTED**. The Court will deem Plaintiff's Amended Complaint filed on the date of this order. The Court **DIRECTS** the Clerk to enter the Plaintiff's Amended Complaint, (ECF No. 34–1), as a new entry on the docket.

Also pending is Defendant Lincare Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 5.) "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001). "It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot." *Int'l Union, United Mine Workers of Am. v.*

1

*Consol Energy, Inc.*, No. 1:16-12506, 2017 WL 8777457, at *1 (S.D. W. Va. Sept. 11, 2017) (quoting *Catlin Specialty Ins. Co. v. Jafrum Int'l, Inc.*, No. 3:14-cv-607-RJC-DCK, 2015 WL 10434683, at *3 (W.D.N.C. Sept. 14, 2015)). However, a defendant is "not required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 1998); *see also Brumfield v. McCann*, No. 2:12-cv-01481, 2013 WL 943807, at *3 (S.D. W. Va. March 11, 2013); *Buechler v. Your Wine & Spirit Shoppe, Inc.*, 846 F. Supp. 2d 406, 415 (D. Md. 2012) (stating that to deny the motion to dismiss without prejudice to refile would be a "useless exercise and contrary to the notion of judicial economy"). Defendant challenges Plaintiff's class action allegations and jury demand, and these same alleged deficiencies remain in the Amended Complaint. Thus, the Court will consider the motion to dismiss to address this amended pleading.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 15, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE