IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHANDRA BALDERSON, et al.,

          Plaintiffs,

v.                                                                    CIVIL ACTION NO.  2:19-cv-00666

LINCARE INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Chandra Balderson's ("Balderson") Petition for Fee Award.  (ECF No.128.)   For the reasons that follow, Balderson's Petition is **DENIED**.

I.    BACKGROUND

Count III of Balderson's Second Amended Complaint alleged that Lincare Inc., ("Lincare"), Balderson's former employer, did not issue her final paycheck in violation of the West Virginia Wage Payment and Collection Act ("WPCA").  ECF No. 5, ¶¶ 31–34.  Lincare issued Balderson's final paycheck, plus an additional check for liquidated damages and interest pursuant to the WPCA, in December 2019.  (*See* ECF No. 84–13.)

On October 13, 2020, this Court held that Count III of the Second Amended Complaint was moot because Lincare "issued the full relief sought by [Balderson] by issuing her a check for the full amount of her wages due plus liquidated damages and interest . . . thereby extinguishing any current controversy."  (ECF No. 119 at 20.)  Lincare, as established, issued the full relief sought, which included $701.64 in gross wages and $1,403.28 in liquidated damages, totaling

$2,104.92, plus interest. (*See* ECF No. 119 at 20.) This Court then ordered Balderson to submit a claim for "reasonable attorneys' fees properly incurred solely with regard to [Balderson's WPCA claim] prior to [her] receipt of the checks for wages, liquidated damages, and interest in December 2019." (*Id.* at 21.)

Balderson filed her Petition for Fee Award on October 23, 2020, with a supporting Declaration. (ECF Nos. 128, 128–1.) Balderson seeks $5,128.00 in attorneys' fees related to her WPCA claim. (ECF No. 128–1.) Lincare filed its response in opposition on November 5, 2020. (ECF No. 137.) Balderson filed her reply in support of her Petition on November 9, 2020. (ECF No. 138.) With the briefing complete, Balderson's Petition is ripe for adjudication.

## II. LEGAL STANDARD

In the event that judgment is awarded to a plaintiff under the WPCA, a court may assess reasonable attorney fees against the defendant. W. Va. Code § 21-5-2. In assessing the reasonableness of an award of attorneys' fees, relevant factors include the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hollen v. Hathaway Elec., Inc.*, 584 S.E.2d 523, 529 (W. Va. 2003) (quoting Syl. Pt. 4, *Aetna Cas. & Sur. Co. v. Pitrolo*, 342 S.E.2d 156 (W. Va. 1986)). A fee applicant must submit appropriate documentation to establish entitlement to an award. *See Koontz v. Wells Fargo N.A.*, No. 2:10-cv-00864, 2013 WL 1337260 at *10 (S.D.W. Va. Mar. 29, 2013) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)). A fee request should include dates work was performed, a reasonable, specific

description of the work, and the time expended on the work. *See Cent. Cab Co. v. Cline*, 972 F. Supp. 370, 374 (S.D.W. Va. 1997).

### III. DISCUSSION

Balderson's attached declaration fails to provide sufficient detail regarding the work performed by her attorneys with regard to her claim under the WPCA. The Declaration states that Balderson seeks to recoup "100%" of the time "specifically related" to her WPCA claim and "25%" of the time "generally related" to her claim. (ECF No. 128–1 at 1.) The Declaration goes on to state that United States Magistrate Judge Tinsley had previously awarded attorneys' fees in this matter, resulting from a discovery dispute, in the amount of "$375 for a partner and $285 for an associate." (*Id.* at 2.) Finally, and without any other details, the Declaration states that 10.1 "Partner Hours" and 4.7 "Associate Hours" had been invested in Balderson's WPCA claim for a total of $5,128.00. (*Id.* at 2.)

While determining the market rate is generally the "critical inquiry," the fee request should also include, at a minimum, the dates on which work was performed; a reasonable and specific description of the work; and the time expended on the work. *See Koontz*, 2013 WL 1337260 at *10 (citing *Central Cab Company, Inc., v. Cline,* 972 F.Supp. 370, 374 (S.D. W. Va. 1997)). Neither Balderson nor her attorneys have provided any detail regarding this request, save for the rates awarded to them previously in this action by Magistrate Judge Tinsley.

Balderson argues, however, that regardless how much information is lacking from her Declaration, the Court should still grant her request because "Lincare still has not paid [] her final wages," and because "the amount Lincare could hope to save by challenging Ms. Balderson's fee

3

request is likely eclipsed by the time it spent drafting its opposition." (ECF No. 138 at 1.) Not only do these arguments entirely lack legal justification, but they are utterly without merit.

First, as this Court has already found, Lincare issued Ms. Balderson's final wages, as well as liquidated damages and interest in December 2019. (*See* ECF Nos. 119 at 20; 84–13.) For whatever reason, Ms. Balderson did not cash these checks. (*See* ECF No. 89 at 2.) But because Lincare issued the checks, in the proper amounts pursuant to the WPCA, the controversy is extinguished. (ECF No. 119 at 20.) Lincare paid the final wages owed: It is by Balderson's own recalcitrance that she did not capitalize on that payment.

Second, Balderson inadvertently stumbles upon the correct conclusion by stating that "neither Ms. Balderson nor this Court should be required to invest a disproportionate amount of time and resources analyzing a $5,128.00 fee request," while arguing without support that the amounts requested are "reasonable and necessary." (ECF No. 138 at 2.) While a fee request does not require "auditing perfection" such that courts become "green-eyeshade accountants[,]" there must be some sufficient and appropriate documentation to justify the award. *See Fox*, 563 U.S. at 838. Balderson has provided none. A determination of fees "should not result in a second major litigation," but that is just what Balderson has invited with the lack of justification. *Id.* Balderson's Petition must be and hereby is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Balderson's Petition for Fee Award, (ECF No. 128), is **DENIED.**

**IT IS SO ORDERED**.

4

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:     May 17, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE