IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHANDRA BALDERSON, et al.,

        Plaintiffs,

v.                                         CIVIL ACTION NO. 2:19-cv-00666

LINCARE INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Lincare Inc.'s ("Lincare") Motion to Approve Supersedeas Bond and Stay Enforcement of Money Judgment. (ECF No. 150.) For the reasons more fully explained below, the Court **GRANTS** Lincare's motion, **APPROVES** the supersedeas bond (the "Bond"), and **STAYS** enforcement of the judgment in this matter pending the outcome of the appeals in this matter.

        I.    *BACKGROUND*

Following a two-day bench trial, this Court entered judgment against Lincare and in favor of Plaintiff Chandra Balderson ("Balderson") on her claim of gender discrimination. (*See* ECF No. 144.) The Court found that Balderson was entitled to $30,000.00 in emotional damages; $120,000.00 in punitive damages; and $141.00 for one-day backpay, the result of a successful after-acquired evidence defense presented by Lincare. (ECF No. 144 at 34.)

Thereafter, on June 21, 2021, Balderson petitioned the Court for an award of attorneys' fees and costs pursuant to the West Virginia Human Rights Act, W. Va. Code § 5-11-13. (ECF

No. 147.) On July 2, Lincare responded in opposition to the fee petition, (ECF No. 148), and simultaneously filed its Notice of Appeal.[1] (ECF No. 149.) On July 6, Lincare filed the instant Motion to Approve Supersedeas Bond and Stay Enforcement of Money Judgment. (ECF No. 151.) On July 9, Balderson filed her reply in support of her fee petition. (ECF No. 153.) The fee petition remains pending.

Balderson has not filed a response to Lincare's motion, (ECF No. 151). The motion is therefore ripe for adjudication.

## II.  LEGAL STANDARD

Rule 62(b)[2] of the Federal Rules of Civil Procedures states that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." "These bonds are often called supersedeas bonds, tracking the name of a traditional writ that was used to stay the execution of a legal judgment." *City of San Antonio, Texas v. Hotels.com, L. P.*, --- U.S. ---, 141 S. Ct. 1628, 1632, 209 L. Ed. 2d 712 (2021) (citing *Hardeman v. Anderson*, 4 How. 640, 642, 11 L.Ed. 1138 (1846)). "It has always been held, . . . that, as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Scripps-Howard Radia v. F.C.C.*, 316 U.S. 4, 9–10 (1942) (citations omitted).

---

[1] While not relevant to the issue presently before the Court, the Court notes that Balderson filed a cross appeal with the Fourth Circuit Court of Appeals on July 12. (ECF No. 154.)

[2] Prior to 2018, Rule 62(d) allowed an appellant to obtain a stay by giving a supersedeas bond. § 2905 Stay Upon Appeal, 11 Fed. Prac. & Proc. Civ. § 2905 (3d ed.). The 2018 Amendments to the rule now allow for a stay to be obtained any time after a judgment is entered. *Id.*

"A party that posts a supersedeas bond pursuant to Rule 62(b) is entitled to a stay of execution of a final judgment as a matter of right." *Jones v. Campbell University, et al.*, No. 5:20-CV-29-BO, 2021 WL 4302244, at *1 (E.D.N.C. Sep. 21, 2021) (citing *Kirby v. Gen. Elec. Co.*, 210 F.R.D. 180, 194–95 (W.D.N.C. 2000), *aff'd*, 20 F. App'x 167 (4th Cir. 2001)). Generally, for a supersedeas bond to be sufficient, it must typically cover the entirety of the judgment "presently granted." *See Edwards v. McElliotts Trucking, LLC*, Civ. Action No. 3:16-1879, 2018 WL 6531680, at *13 (S.D. W. Va. Dec. 11, 2018). *See also CSX Transp., Inc. v. Peirce,* No. 5:05CV202, 2013 WL 5674850, at *2 (N.D.W. Va. Oct. 17, 2013) (finding a supersedeas bond sufficient when it covered the judgment, plus awarded interest, and did not need to include attorney's fees in the amount as they had not been awarded at the time the bond was posted) ("This Court will not now engage in speculation concerning the amount of attorneys' fees it may or may not award, or the amount of attorneys' fees that CSX will incur as a result of the appeal.").

III. *DISCUSSION*

In its Motion, Lincare moves the Court to approve its supersedeas bond and "to authorize the Clerk's office to approve, accept, and/or file Lincare's Bond," as well as to stay the enforcement of the final judgment currently owed. (ECF No. 150 at 1.) The Bond, (ECF No. 150–1), is in the amount of $154,030.00, which "provides for post-judgment interest in excess of that required by 28 U.S.C. § 1961[.]" (*Id.*) Lincare asserts that the rate set by § 1961, and established by the Board of Governors of the Federal Reserve, is 0.04 percent, "or $60 annually on the final judgment here." (*Id.*) Lincare states that the Fourth Circuit's "average appeal" is decided within six months, and thus the Bond "provides a significant cushion beyond that

3

necessary to assure payment after appeal." (*Id.*) The surety is Western Surety Company, based in Chicago, Illinois, and is a company approved by the U.S. Treasury Department. (*Id.* at 2; ECF No. 150–1 at ¶ 3.)

Balderson has not filed a response. At present, the amount Balderson is entitled to collect is $150,141.00 with post-judgment interest. (*See* ECF No. 144.) The Bond, in the amount of $154,030.00, adequately protects her interest in the current judgment.[3] Therefore, because the Bond takes into account the current judgment and the post-judgment interest, this Court finds it appropriate and hereby approves the Bond.

## IV. *CONCLUSION*

For the reasons more fully explained above, Lincare's Motion to Approve Supersedeas Bond and Stay Enforcement of Money Judgment, (ECF No. 150), is **GRANTED**. The Bond, (ECF No. 150–1), is **APPROVED**. The Clerk is **DIRECTED** to accept and file the Bond. Finally, Lincare's Motion to Stay Enforcement is **GRANTED**. Execution of this Court's Order of June 7, 2021, is hereby **STAYED**, pending appeal of this matter.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

---

[3] As noted above, Balderson's fee petition remains pending. As the fees are not a part of the final judgment, they are not included in the Court's determination of whether the Bond is sufficient. *See CSX Transp., Inc. v. Peirce*, 2013 WL 5674850, at *2. In the event that the Court grants Balderson's fee petition, the Court will consider ordering Lincare to modify the amount of the Bond to reflect the award.

ENTER: September 29, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE